# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMANTHA ANDERSON, | 1:16-cv-01200-LJO-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE |
| v. | |
| FRESNO COUNTY JAIL, | (ECF Nos. 3, 4, 5) |
| Defendant. | FOURTEEN-DAY DEADLINE |

**I.  Background**

Plaintiff Samantha Anderson ("Plaintiff") is a jail inmate proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on August 15, 2016. (ECF No. 1).

On August 17, 2016, the Court ordered Plaintiff to either consent to or decline Magistrate Judge jurisdiction within thirty (30) days. (ECF No. 3). Thereafter, on August 18, 2016, the Court ordered Plaintiff to submit a completed application to proceed in forma pauperis or pay the filing fee within thirty (30) days. (ECF No. 4). Plaintiff failed to comply with the Court's orders.

Based on Plaintiff's failure to comply, on October 13, 2016, the Court issued an order directing Plaintiff, within fourteen (14) days, to either (1) complete and return the order re

1

consent or request for reassignment, and submit an application to proceed in forma pauperis, completed and signed, or in the alternative, pay the $400.00 filing fee for this action; OR (2) Show cause in writing why this action should not be dismissed for failure to prosecute and failure to obey the court's orders.  Plaintiff was warned that the failure to respond would result in dismissal of this action for failure to prosecute and failure to obey a court order.  (ECF No. 5). More than fourteen (14) days have passed since service of the Court's order, and Plaintiff has not complied or otherwise contacted the Court.

## II. Discussion

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

Despite multiple attempts to communicate with Plaintiff, she has been non-responsive to the Court's orders. The Court cannot effectively manage its docket if Plaintiff ceases litigating her case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-133; *Henderson*, 779 F.2d at 1424. The Court's October 13, 2016 order expressly warned Plaintiff that her failure to comply would result in dismissal of this action for failure to prosecute and failure to obey a court order. (ECF No. 5, p. 2). Plaintiff also was warned of the potential for dismissal by the Court's August 18, 2016 order directing her to file an application to proceed in forma pauperis or pay the filing fee for this action. (ECF No. 4). Thus, Plaintiff had adequate warning that dismissal could result from her noncompliance.

**III**. **Conclusion and Recommendation**

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed for the failure to obey the Court's August 18, 2016 order (ECF No. 4), and October 13, 2016 order (ECF No. 5), and for Plaintiff's failure to prosecute this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the

magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **November 9, 2016**                    /s/ Barbara A. McAuliffe
                                                                 UNITED STATES MAGISTRATE JUDGE